UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DONALD RUNNELS | : | CIVIL ACTION NO. 2:13-cv-209 |
| VERSUS | : | JUDGE MINALDI |
| WARDEN, TENSAS PARISH DETENTION CENTER | : | MAGISTRATE JUDGE KAY |

<u>REPORT AND RECOMMENDATION</u>

Before the court is an application for a writ of habeas corpus by petitioner, Donald Runnels.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.   This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

I.      Background

Petitioner pled guilty to seven counts of simple robbery on December 16, 1996, in the Fourteenth Judicial District Court in and for Calcasieu Parish, Louisiana.  The court sentenced petitioner to seven years imprisonment on each count, all to run concurrently.  Petitioner did not file a direct appeal of the conviction nor did he seek post-conviction relief.  Doc. 1, pp. 2, 6.

Petitioner filed the instant petition on January 31, 2013, and states, "After being sentenced and delivered to the Dept. of Corrections in St. Gabriel, Louisiana at the HUNT facility, then transferred to Phelps Corr. Cnt, I signed a contract that waived any incentive pay to receive extra good time diminution of sentence and thereby satisfied the 7 yr. sentence on Sept. 15, 1999, and then was placed under an illegal parole.  My 7 years was served with good time and real time credits equal to 7 years."  Doc. 1, p. 5.  Petitioner further states that he did not

exhaust his state remedies in regard to his present claims as he "did not have money for atty fees, and I just let it go, not knowing what my future held in store, like this multi-bill charge under La. R.S. 15:529.1." Doc. 1, p. 5. It appears that the "multi-bill charge" that petitioner is referencing is the habitual offender enhancement that he received following a 2011 conviction and sentence imposed by the Thirty-Third Judicial District Court in and for Allen Parish, Louisiana. Petitioner's 1996 conviction was used as the basis for the state's habitual offender bill of information. *See Runnels v. Warden*, No. 2:13-cv-101 (W.D. La.).

## II.     Law and Analysis

Federal courts of the United States have jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3).

Petitioner states that he is attacking his 1996 conviction. However, in discussing his situation, petitioner seems to be complaining that his 2011 conviction and sentence was improperly impacted his 1996 conviction because of the multiple offender bill. We construe the petition as an attack on both and discuss each in turn.

### A.  1996 Conviction

The custody requirement mandates that the habeas petitioner be in custody at the time the petition is filed for the conviction or sentence under attack. *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 401–02 (2001). Although petitioner herein is currently incarcerated, he is not in custody for the 1996 conviction he is now challenging.

When a habeas petitioner is no longer serving the sentence imposed pursuant to his old conviction, he cannot bring a federal habeas action directed solely at challenging that old

conviction.  *Id.*  This court, therefore, lacks jurisdiction to review his petition insofar as it directly challenges the 1996 conviction and sentence.

Even if the court had jurisdiction to review this petition, petitioner's claims would nevertheless be subject to dismissal as they are clearly time-barred.

Federal law imposes a one year limitations period within which persons who are in custody pursuant to the judgment of a state court, may seek federal habeas review.  28 U.S.C. § 2254(d)(1)(A).  This limitation period generally runs from the date that the conviction becomes final.  The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one year limit.  28 U.S.C. § 2244(d)(2); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted.  *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

In order to determine whether a habeas petition is time-barred under the provisions of section 2244(d), the court must ascertain (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the State courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Petitioner's conviction became final at the expiration of the time for seeking further direct review.  That date was December 23, 1996—five days, excluding weekends and holidays, after he was sentenced.  *See* La. C.Cr.P. arts. 13, 914.  Petitioner then had one year, or until December 23, 1997, within which he could seek federal habeas relief.  The current application

was filed on January 23, 2013, some sixteen years after the limitations period lapsed. Accordingly, it is untimely.

### B.  2011 Conviction

Petitioner refers to the fact that his prior conviction was used to enhance his current sentence.  Construed broadly, his assertions may indicate that he challenges his old conviction because it was used to enhance the sentence under which he is currently in custody.  This seemingly would satisfy the "custody" requirement.

Nevertheless, petitioner is not entitled to relief on this claim.  The Court in *Lackawana* noted the following:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403–04 (citation omitted).  The Court recognized two exceptions to this general rule: (1) where petitioner was not appointed counsel on the first conviction in violation of the Sixth Amendment, and (2) where petitioner can make a showing of actual innocence.  *Id.* at 404–06.

Petitioner admittedly did not appeal his state court conviction or sentence nor did he seek post-conviction relief.  As such, he may not challenge that conviction and sentence at this time. Petitioner has not demonstrated that either exception to the *Lackawana* rule applies in this instance.

### III.    Conclusion and Recommendation

For the reasons discussed herein, IT IS RECOMMENDED that the instant application be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 21st day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE